UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEMAJ COARTS, | : |
|     Plaintiff, | : |
| | : |
| v. | :   3:24cv1000 (VAB) |
| | : |
| ANGEL QUIROS, | : |
|     Defendants. | : |

**INITIAL REVIEW ORDER**

Semaj Coarts ("Plaintiff"), a sentenced inmate housed at MacDougall-Walker Correctional Institution in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights Complaint under 42 U.S.C. § 1983 against Commissioner Angel Quiros.[1] Compl., ECF No. 1. Mr. Coarts asserts that Commissioner Quiros has acted with Eighth Amendment deliberate indifference to his need for adequate footwear. He seeks damages and declaratory and injunctive relief.

For the reasons that follow, Mr. Coarts' Complaint is **DISMISSED**.

If he can allege facts sufficient to address the deficiencies in this Complaint, he may file an Amended Complaint by **December 6, 2024**. Any proposed Amended Complaint will replace in its entirety this Complaint.

If Mr. Coarts fails to file an Amended Complaint by **December 6, 2024,** this Complaint will be dismissed with prejudice.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the publicly available DOC website under the inmate search function shows that Mr. Coarts was sentenced on July 9, 2024, and is now housed at MacDougall-Walker Correctional Institution. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=419531. The Court notes that Mr. Coarts's address is listed on the Court docket as Garner Correctional Institution. Thus, he has not provided the Court with a notice of his updated address in compliance with the Court's order and Local Rule 83.1. Mr. Coarts must update the Court with his current address for this case to proceed.

I.   **FACTUAL ALLEGATIONS**[2]

On September 9, 2022, while housed at Garner, Mr. Coarts allegedly tore his Achilles tendon while playing basketball with other inmates. At the time, Mr. Coarts allegedly wore DOC-issued shoes that lacked heel support. After the game, he went to the prison medical unit and then to UConn Hospital.

He allegedly had an X-ray that showed no broken bones, and an MRI later allegedly showed a torn Achilles tendon.

Mr. Coarts alleges that Commissioner Quiros had responsibility for the issuance of the shoes to inmates, and that the shoes provided to him did not support the human foot. In his view, Commissioner Quiros violated his Eighth Amendment right against cruel and unusual punishment by issuing footwear that is inadequate for exercise.

II.   **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, a court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.

---

[2] The Court does not include all of the Complaint's allegations, but instead summarizes the facts to provide context for this initial review.

Nevertheless, it is well-established that *"[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

### III. DISCUSSION

42 U.S.C. § 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991))). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983, and that "it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of

the correctional officers or in failing to act on the information she had").

### A. The Deliberate Indifference Claim[3]

Although Mr. Coarts has brought his claims against Quiros under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment governs claims of deliberate indifference brought by pretrial detainees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Haslinger v. Westchester Cnty.*, No. 7:18-CV-05619 (PMH), 2020 WL 2061540, at *7 (S.D.N.Y. Apr. 29, 2020). This is so because pretrial detainees "have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell*, 849 F.3d at 29 (internal quotation marks omitted). Although Mr. Coarts has incorrectly pleaded his deliberate indifference claims under the Eighth Amendment, the Court—affording the required special solicitude to Mr. Coarts's *pro se* submissions—will consider his deliberate indifference claims as brought under the Fourteenth Amendment.

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Id.*

With respect to the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk

---

[3] The publicly available information on the DOC website shows that Mr. Coarts was admitted to DOC on August 8, 2022, and sentenced to eight years of incarceration on July 9, 2024. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=419531. Thus, at the time relevant to this lawsuit, Mr. Coarts was a pretrial detainee.

of serious damage to his health." *Id.* at 30 (internal quotation marks and citations omitted). A district court evaluates the conditions to which the detainee was exposed in the context of contemporary standards of decency and addresses, *inter alia*, whether the detainee has been deprived of basic human needs including, for example, food, clothing, shelter, medical care, and reasonable safety, or has been subjected to an unreasonable risk or serious harm to his or her future health. *Id.*

With respect to the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Here, Mr. Coarts alleges that the footwear provided to him was not sufficiently supportive to prevent injury during physical exercise, such as basketball. It is well established that exercise is a basic human need. *See Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996). Thus, for purposes of initial review, Mr. Coarts has sufficiently alleged that the inadequate footwear poses a serious danger to Mr. Coarts's health and safety during exercise. Mr. Coarts has satisfied the objective element of the Fourteenth Amendment analysis.

Mr. Coarts has also alleged facts to suggest that Commissioner Quiros is responsible for the decisions about the footwear distributed to DOC inmates. But these allegations are not sufficient to determine whether Commissioner Quiros himself makes decisions about the footwear of prisoners or has sufficient specific knowledge about any footwear issued to Mr. Coarts, such that he knew that the footwear assigned to prisoners posed a serious risk of harm to Mr. Coarts'

health and safety. *See Parris v. New York State Dept.*, 947 F. Supp. 2d 354, 364 (S.D.N.Y. 2013) (dismissing claim because "allegations do not suggest that the officials knew of and disregarded risk to the plaintiff"). In the absence of such knowledge, Mr. Coarts's deliberate indifference claim is inadequately plead. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court will not permit Mr. Coarts to proceed on his Fourteenth Amendment claim against Commissioner Quiros in his individual capacity for damages and will dismiss it without prejudice to renewal.

B.   **The Official Capacity Claims**

A plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity only to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Further, a claim for injunctive relief can only proceed against defendants who "plausibly have the authority to grant the prospective relief." *Smith v. Perez*, No. 19-CV-1758, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

In terms of his official capacity claims, Mr. Coarts requests an injunctive order for DOC to issue adequate footwear to prisoners and for declaratory judgment regarding the adequacy of state that the DOC issued footwear.

Having dismissed his underlying Fourteenth Amendment claim for a failure to plead Commissioner Quiros's involvement personally in the decision about what footwear to provide for

inmates, his related official capacity claim also will be dismissed without prejudice to renewal.

## III.    CONCLUSION

For the reasons stated above, Mr. Coarts' Complaint is **DISMISSED**.

If he can allege facts sufficient to address the deficiencies in this Complaint, he may file an Amended Complaint by **December 6, 2024**. Any proposed Amended Complaint will replace in its entirety this Complaint.

If Mr. Coarts fails to file an Amended Complaint by **December 6, 2024,** this Complaint will be dismissed with prejudice.

**SO ORDERED** at New Haven, Connecticut, this 25th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE